UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARK A. SMITH, )
 )
        Petitioner, )
vs. ) No. 2:12-cv-312-JMS-WGH
 )
STANLEY KNIGHT, )
 )
        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Mark Smith for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 12-03-0195. For the reasons explained in this Entry, Smith's habeas petition must be **denied**.

## Discussion

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445,

454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B.  The Disciplinary Proceeding

Smith was charged with violating prison rules by engaging in sexual conduct. The evidence supporting the finding ultimately made was that during the morning of March 17, 2012, Smith engaged in the described conduct with fellow inmate Bruce Davenport. A hearing was conducted on April 3, 2012. Smith was present and made a statement concerning the charge. The hearing officer considered the evidence, found Smith guilty as charged, and imposed sanctions. Smith's administrative appeals within the Indiana Department of Correction ("DOC") were rejected. This action followed.

### C.  Analysis

Smith claims that he is entitled to habeas relief because DOC policy was violated and because the conduct report and witness statement were written by the same person and lack credibility.

Even if factually supported, the first of these claims does not support the award of federal habeas relief. *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990)*; Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

The second of these claims is a challenge to the sufficiency of the evidence through the argument that the statements in the conduct report and the witness statement of Chaplain Newberry were written by the same person, that being the officer who signed the conduct report. Smith argues that because of this neither statement could be found credible and that without a

credible account of the charged misconduct there was insufficient evidence to support the hearing officer's finding of guilt. This argument does not support Smith's claim because Chaplain Newberry signed the statement attributed to him, regardless of who wrote the narrative, and because a federal habeas court in these circumstances is not permitted to re-weigh the evidence. *Russell v. Sandahl*, 989 F.2d 502 (7th Cir. 1993)(citing *Superintendent v. Hill,* 472 U.S. 445, 455-56 (1985)). The reporting officer's account was clear and detailed; it was sufficient to support the hearing officer's decision.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Smith to the relief he seeks. Accordingly, Smith's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 05/07/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark A. Smith
862473
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel